## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | | |
|---|---|---|
| **JOHN FOY** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **AMBIENT TECHNOLOGIES, INC.** | : | **NO. 08-77** |

### MEMORANDUM OPINION

**Savage, J.**                                                                                                             **June 19, 2009**

In this wrongful termination case where the employment relationship was governed by an employment contract, the defendant, Ambient Technologies ("Ambient"), moves to compel arbitration pursuant to an arbitration provision in the contract. The plaintiff, John Foy ("Foy"), does not dispute the existence of the arbitration provision. However, he contends it is unenforceable because it is unconscionable and violates Virgin Islands law, specifically 5 V.I.C. § 815.

Considering Foy's claims in light of his unequivocal acceptance of the terms of the employment contract and the arbitration provision, we conclude that he is bound to arbitrate his case pursuant to the procedure set forth in the contract. Therefore, the motion to compel arbitration will be granted.

Ambient had a contract with the Virgin Island's Water and Power Authority ("WAPA") to supervise the operation and maintenance of desalinization units it had sold to WAPA. Ambient hired Foy to serve as a supervising engineer at WAPA's desalinization plants. Foy signed an employment contract with Ambient to perform technical services "for his employer," who is identified in the contract as Ambient, under the "general supervision, advice and direction of Ambient and its supervisory personnel."

Foy claims he was fired by Ambient at the insistence of WAPA after he fell and

injured himself at a WAPA facility during the course of his employment. He contends that WAPA was retaliating for his having sustained an injury and not reporting to work despite his injuries.

Foy brings this action against Ambient for breach of contract, breach of duty of good faith and fair dealing, intentional infliction of emotional distress, and misrepresentation. He seeks compensatory and punitive damages. In a related action arising out of the same incident and the same employment contract,[1] he has also sued IDE Technologies, Ltd. ("IDE"), Ambient's parent company; Michael Tramer ("Tramer"), an IDE executive who negotiated the contract with Foy; and, WAPA.

Ambient has moved to dismiss the action or to compel arbitration. Opposing Ambient's motion, Foy contends that the arbitration agreement is unenforceable because it is both procedurally and substantively unconscionable under Virgin Islands law.

## The Arbitration Provision is Not Unconscionable

The arbitration provision of Foy's contract with Ambient states that:

> "Employer and Employee mutually consent to the resolution by arbitration of all claims or controversies . . . that Employer may have against Employee or that Employee may have against any of the following (1) the Employer, (2) its officers, directors, employees or agents in their capacity as such or otherwise, (3) the Employer's parent, subsidiary and affiliated entities, (4) the benefit plans or the plans' sponsors, fiduciaries, administrators and agents, and/or (5) all successors and assigns of any of them."

The arbitration provision also provides an illustrative, non-exclusive list of potential claims that are encompassed by the provision.

Determining whether a contract is unconscionable requires an analysis of both

---

[1] The related case is *Foy v. Ambient Technologies, Inc. et al.*, Civil Action No. 07-92.

procedural and substantive elements. *Alexander v. Anthony Int'l, Inc.*, 341 F.3d 256, 265 (3d Cir. 2003). Procedural unconscionability is evident where the party with greater bargaining power, the employer, has presented the contract on a take-it-or-leave-it basis. *Id.* (quoting *Trailer Marine Transp. Corp. v. Charley's Trucking, Inc.*, 20 V.I. 282, 284 (1984)). Unequal bargaining power alone does not render the contract unconscionable. There must also be substantive defects, that is, the contract must contain "terms unreasonably favorable to the stronger party." *Id.* Thus, to render an employment unconscionable, it must be both procedurally and substantively deficient.

Even if Foy had been given no opportunity to negotiate terms in the contract, it is not substantially unconscionable. Its terms do not unreasonably favor Ambient. Foy contends that the illustrative list of potential claims provided in Article Seven, Paragraph Three, is a limitation of the claims that an employee can bring against an employer. However, the list is not exclusive, and Paragraph Two contains a mutual promise to arbitrate "all claims" the employer and the employee may have against one another.

The agreement does not contain unfair procedural rules that prejudice Foy's ability to gain a fair resolution of his claims. It does "not alter or limit the rights and remedies available" to him. *See Edwards v. Hovensa, L.L.C.*, 497 F.3d 355, 364 (3d Cir. 2007). Nor does it impose stringent or unreasonable time limits on his ability to make claims. *See Alexander*, 341 F.3d at 266. Accordingly, the arbitration provision is not unconscionable.

### 5 V.I.C. § 815 Does Not Preclude Enforcement of The Agreement

Foy contends that Ambient cannot enforce the arbitration provision because he did not knowingly and voluntarily waive his right to a jury trial, a prerequisite under Virgin Islands

law. *See* 5 V.I.C. § 815.  The unequivocal language of the contract contradicts this bald assertion.  When he signed the contract, Foy acknowledged that he was doing so voluntarily, and that he had read and understood its terms, specifically that he was giving up his right to a jury trial.

Virgin Islands law does not render all agreements that waive constitutional rights unenforceable.  Only when such agreements were entered involuntarily and unknowingly are they unenforceable.  Section 815 states that "an agreement that waives a right guaranteed by the Constitution of the United States, is unenforceable, unless the waiver of the right is agreed to knowingly and voluntarily."  5 V.I.C. § 815.

Foy urges us to look to the factors used by the Sixth Circuit in determining whether an agreement to arbitrate was made in a knowing and voluntary manner. To determine whether there was a knowing and voluntary agreement to arbitrate, the Sixth Circuit looked at "(1) [the] plaintiff's experience, background, and education; (2) the amount of time the plaintiff had to consider whether to sign the waiver, including whether the employee had an opportunity to consult with a lawyer; (3) the clarity of the waiver; (4) consideration for the waiver; as well as (5) the totality of the circumstances." *Walker v. Ryan's Family Steak Houses, Inc.*, 400 F.3d 370, 381 (6th Cir. 2005).

Foy asserts that he was contacted by Ambient and offered the Supervising Engineer position.  When he, an engineer, signed the contract, he acknowledged that he had been given the opportunity to consult with his own attorney.

The agreement also includes a clearly stated waiver of Foy's right to a jury trial.  The waiver, printed conspicuously above the signature line in larger font and all capitals, states that "Employee understands that by signing this employment contract, he is giving up his

4

right to a jury trial." Additionally, there is a declaration that Foy "acknowledges that he has carefully read this employment contract, that he understands its terms, and that he has entered into the agreement voluntarily." Furthermore, Foy had an independent obligation to read and understand the agreement before signing it. *See Morales v. Sun Constructors, Inc.*, 541 F.3d 218, 223 (3d Cir. 2008) (stating that even an employee signing a contract in a language he does not speak or read has an obligation to understand it before signing). Foy does not contend that he did not read or understand the agreement and the acknowledgment of the waiver of jury trial.

The plain language of the contract and Foy's acknowledgment that he entered into it voluntarily demonstrates that the waiver of his right to a jury trial was voluntary and knowing. Therefore, § 815 does not preclude enforcement of the agreement to arbitrate.

## Conclusion

Foy entered into a valid agreement to arbitrate. Therefore, the agreement will be enforced and the parties shall submit Foy's claims to arbitration in accordance with the provisions of the agreement.

                                         /s Timothy J. Savage
                                         TIMOTHY J. SAVAGE, J.